**Tina Williams SPERLING, Plaintiff,**

v.

**TEXAS HEALTH ENTERPRISES, INC., Defendant.**

**Mary Elizabeth GERKE, Plaintiff,**

v.

**TEXAS HEALTH ENTERPRISES, INC., Defendant.**

**Civ. A. Nos. H–92–83, H–92–84.**

United States District Court, S.D. Texas, Galveston Division.

May 22, 1992.

John C. Fleming, Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, Tex., for plaintiffs.

Iris J. Jones, Stephen Greenberg, Julie L. Benson, Small Craig & Werkenthin, Austin, Tex., for defendant.

## ORDER

KENT, District Judge.

Before the Court are Plaintiffs' Motions to Reconsider. For the reasons stated below, the Court is of the opinion that the motions should be GRANTED.

### I.

Plaintiffs filed separate actions in Texas state court, alleging that they were discharged by Defendant, in violation of Texas law, because they refused to participate in Defendant's employee injury plan. Defendant removed both cases to this Court on the ground that Plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, because the Plan is an employee benefit plan for purposes of ERISA and Plaintiffs' claims "relate to" the plan. 29 U.S.C. § 1144(a). Subsequently, Plaintiffs each moved to remand, and this Court denied both motions on the ground that in ruling on Plaintiffs' claims, a court would necessarily have to determine whether Defendant's mandatory-participation policy is lawful. Given that the Plan is admittedly an ERISA employee benefit plan, this determination would necessarily require the Court to decide whether the Plan complies with the requirements of ERISA. Thereafter, the cases were consolidated.

### II.

Upon reconsideration, the Court believes that its earlier ruling was in error. Plaintiffs' only claim is that, under Texas law, an employer cannot require an employee to participate in an employee accident plan and forego any common-law rights she may have against the employer. In the Court's view, such a claim does not "relate to" an ERISA employee benefit plan such that it is preempted by ERISA.

Under the Texas Workers' Compensation Act, an employer may subscribe to workers' compensation insurance, or it may chose not to. Many employers who chose not to subscribe offer alternative employee benefit plans which provide certain benefits in the event an employee is injured in the course and scope of her employment. In the instant case, it is undisputed that Defendant has chosen not to subscribe to workers' compensation insurance and has enacted an alternative benefit plan (the "Plan"). It is also undisputed that Defendant requires all of its employees to participate in the Plan and to waive any common-law rights they may have against Defendant. Plaintiffs argue that they were discharged because they refused to participate in the Plan, and that their discharge violates Texas law.

Texas recognizes the traditional employment at will doctrine. In general, absent a prior agreement between the parties, an employment contract is terminable at any time by either the employer or the employee. However, the Texas Supreme Court has recognized several common-law public-policy exceptions to the traditional doctrine. For example, notwithstanding the employment at will doctrine, an employer cannot discharge an employee for refusing to perform an illegal act. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734–35 (Tex.1985).

Plaintiffs argue that a similar exception should be recognized in the instant case. Plaintiffs readily concede, however, that to date the Texas Supreme Court has not recognized a cause of action against an employer for discharging an employee for failure to participate in a mandatory employee benefit plan. Obviously, this Court cannot create such a cause of action under Texas law. Thus, Plaintiffs will be unable to recover unless they can proceed in state court.

### III.

Defendant does not deny that the State of Texas has an interest in regulating employer-employee relationships. Rather, it argues that Plaintiffs' state law claims are preempted by ERISA because they "relate

to" an ERISA plan. 29 U.S.C. § 1144(a). Defendant relies primarily on the Supreme Court's recent decision in *Ingersoll–Rand v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). In that case, the plaintiff argued that his discharge was unlawful because it was motivated by his employer's desire to avoid contributing to his pension fund. The Texas Supreme Court held that such a claim was an exception to the employment at will doctrine and that the claim was not preempted by ERISA because the plaintiff was seeking only future lost wages, mental anguish, and punitive damages, and not lost pension benefits. *Id.* at ——, 111 S.Ct. at 481, 112 L.Ed.2d at 482. The Supreme Court reversed, stating that

> [I]n order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists and the employer had a pension-defeating motive in terminating the employment. Because the court's inquiry must be directed to the plan, this judicially created cause of action "relates[s] to" an ERISA plan.

*Id.* at ——, 111 S.Ct. at 483, 112 L.Ed.2d at 485.

Defendant argues that the instant case is controlled by *Ingersoll–Rand.* In particular, Defendant asserts that "[i]f Defendant did not have an ERISA plan or if Defendant's ERISA Plan did not contain these provisions, Plaintiff would have no claim for wrongful termination." Def.'s Resp. Pls.' Mot.Recons.Pls.' Mot.Remand at 3. Therefore, according to Defendant, Plaintiffs' claims necessarily "relate to" an ERISA plan and are therefore preempted under section 1144. The Court does not agree.

## IV.

■ The Court recognizes, as it must, the broad preemptive effect of section 1144. *Ingersoll–Rand,* —— U.S. ——, 111 S.Ct. at 482–83, 112 L.Ed.2d at 483–84. However, only state laws that "relate to" an ERISA plan are preempted. Thus, in *Fort Halifax Packing Co. v. Coyne,*[1] the Court held that a state law requiring the

payment of severance benefits was not preempted by ERISA because it did not require the establishment or maintenance of an ERISA plan. Therefore, the statute did not relate to the plan. *Id.* 482 U.S. at 12, 107 S.Ct. at 2218.

Similarly, the preemptive sweep of section 1144 is not without limits. For example, the Supreme Court has held that ERISA does not preempt a state's general garnishment statute, even where the statute is applied to collect judgments against participants in an ERISA plan. *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 841, 108 S.Ct. 2182, 2191, 100 L.Ed.2d 836 (1988).

■ In the Court's view, the instant case is more like *Coyne* and *Mackey* than it is like *Ingersoll–Rand.* First, in *Ingersoll–Rand* the plaintiff was an ERISA-plan participant. Not so in the instant case. Indeed Plaintiffs claims are premised on the assertion that it is unlawful for an employer to require an employee to forego common-law rights, in this case by requiring participation in an ERISA plan. While the Court readily acknowledges Congress's intent, in enacting ERISA, to create a uniform body of employee benefit law, nothing in either ERISA's text or legislative history indicates that Congress meant to override state laws prohibiting employers from forcing employees to forego common-law rights by compelling participation in an ERISA plan.

It is true that if mandatory-participation clauses like the one at issue here are illegal under Texas law then Defendant will be forced to delete the mandatory-participation clause from its ERISA plan. In the Court's view, however, this does not mean that Plaintiffs' claims "relate to" an ERISA plan. Each Plaintiff's cause of action (assuming it exists) is based on a general state law which is only incidentally related to Defendant's ERISA plan. Plaintiffs do not assert that Defendant's actions were unlawful as a matter of federal law. Indeed nothing in ERISA either sanctions or prohibits mandatory-participation claus-

---

1. 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1.

es like the one at issue here. Rather, Plaintiffs assert that, under Texas law, it is unlawful for an employer to require, as a condition of employment, that an employee relinquish her common-law rights against the employer. For purposes of this cause of action, the means by which the employer attempted to force the employee to relinquish her common-law rights are irrelevant. The important fact is that the employer did attempt to force relinquishment by some means. Thus, the fact that Plaintiffs were required to relinquish their common-law rights by means of Defendant's mandatory-participation requirement is only incidental to Plaintiffs' causes of action, and the fact that the mandatory-participation requirement applied to an ERISA plan is similarly incidental.

Therefore, in contrast to *Ingersoll–Rand,* it cannot be said that "there is simply no cause of action if there is no plan." *Ingersoll–Rand,* —— U.S. at ——, 111 S.Ct. at 484, 112 L.Ed.2d at 485. Here, Plaintiffs could assert the same cause of action against any employer who attempted to make relinquishment of common-law rights a condition of employment. That an ERISA plan is, or is not, involved is of no moment. Assuming Plaintiffs have state-law causes of action, they can sustain their claims without proof of any of the terms or conditions of Defendant's ERISA plan other than the mandatory-participation clause.

Therefore, the Court finds that Plaintiffs' claims do not "relate to" an ERISA plan and are not preempted by ERISA. Consequently, this Court lacks subject matter jurisdiction and these actions were thus improperly removed. It is accordingly ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion for Reconsideration is GRANTED.

It is further ORDERED that the Court's previous Orders denying Plaintiffs' respective Motions to Remand are hereby VACATED.

It is further ORDERED that these actions are hereby REMANDED to the state courts from whence they came.

As this Order renders all other motions pending before the Court moot, they are NOT REACHED.

It is further ORDERED that the parties will file NO FURTHER PLEADINGS IN THIS COURT CONCERNING THIS ACTION.

IT IS SO ORDERED.