**Rosalind A. JONES, Plaintiff,**

**v.**

**The PEP BOYS MANNY MOE & JACK OF CALIFORNIA, a corporation; Victor Gongora, an individual; Smith-Kline Laboratories; and Does 1 Through 50, Inclusive, Defendants.**

**No. CV 97–7096 DT (Mcx).**

United States District Court,
C.D. California,
Western Division.

Oct. 2, 1997.

Stephen M. Padilla, Kevin D. O'Leary, Padilla, O'Leary & Wong LLP, Los Angeles, CA, for Rosalind A. Jones.

Joel E. Krischer, Eyal Gamliel, Latham & Watkins, Los Angeles, CA, for SmithKline Beecham Clinical Laboratory.

Karen A. Rooney, Jennifer L. Kell, Quinn Emanuel Urquhart & Oliver LLP, Los Angeles, CA, for The Pep Boys – Manny Moe & Jack of California.

## ORDER REMANDING TO STATE COURT

TEVRIZIAN, District Judge.

### Procedural History

On or about July 16, 1997 this action was commenced in the Superior Court of the

State of California for the County of Los Angeles.

On September 19, 1997, Defendants THE PEP BOYS MANNY MOE & JACK ("Pep Boys"), SMITH–KLINE LABORATORIES ("Smith–Kline"); and VICTOR GONGORA ("Mr.Gongora") were allegedly served with a Summons and Complaint.

On September 25, 1997 Pep Boys and Smith–Kline filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b), alleging federal question jurisdiction.

### Removal Is Improper.

Generally, any defendant may remove any case that arises under federal law. Federal courts "have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983).

Plaintiff in the present case alleges causes of action under state common law theories of breach of contract, employment discrimination, wrongful termination, violation of 29 U.S.C. § 1140 (ERISA § 510), negligent misrepresentation, intentional misrepresentation, intentional infliction of emotional distress, and negligence. Defendants remove this action from State Court pursuant to 29 U.S.C. § 1144. Defendants argue that plaintiff's claims involve rights created by and arising under the laws of the United States, specifically, Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140.

The Ninth Circuit has recently focused on the apparent limitlessness of ERISA preemption. Section 514(a) of ERISA provides that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."

*Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983). Plaintiff in the instant case has alleged that Defendant Pep Boys terminated Ms. Jones' employment for a number of reasons. Plaintiff alleges she was in fact terminated "in retaliation for her complaints about the company's inaccurate drug testing and that she had been singled out because of her race and because her retirement benefits were scheduled to vest and because she went to her own physician for additional testing." *Complaint* ¶ 59. Allegations of this nature do not give rise to ERISA preemption.

In *Karambelas v. Hughes Aircraft Co.,* 992 F.2d 971, 974 (9th Cir.1993), the plaintiff, former in-house counsel for the defendant brought a breach of employment contract claim, alleging that his employer had terminated him because it needed a scapegoat after a costly legal error. Defendants sought to justify removal by pointing to plaintiff's acknowledgment, in his deposition, that one reason for his termination was probably to avoid the vesting of his pension rights. The Ninth Circuit rejected that contention reasoning that the heart and soul of the complaint was Karambela's outrage at being made the scapegoat ... His complaint does mention that he was terminated just before his benefits were to vest, but that was at most, consequence of the wrong perpetrated upon him. *Id.* Mention of the loss of benefits as a consequence of termination did not give rise to ERISA preemption where the employer was motivated by other concerns. *Campbell v. The Aerospace Corporation,* 123 F.3d 1308 (9th Cir.Cal.).

In the present case, Plaintiff has alleged that she was terminated for a number of reasons, one of which is an alleged desire to prevent her benefits from vesting. Since this Court is of the belief that the "heart and soul" of the complaint is Plaintiff's outrage at being subject to a false positive drug test, as well as being discriminated against because of race, this action does not properly arise under ERISA and is not removable. For the foregoing reasons, this action is hereby re-

manded to the State Court of the State of California for the county of Los Angeles.

IT IS SO ORDERED.