**GROUP DEKKO SERVICES LLC,**
Appellant–Defendant,

v.

**Debra K. (Eminger) MILLER,**
Appellee–Plaintiff.

No. 57A03–9902–CV–39.

Court of Appeals of Indiana.

Oct. 20, 1999.

Rehearing Denied Dec. 17, 1999.

Charles J. Heiny, Esq., Melanie L. Farr, Esq., Haller & Colvin, P.C., Fort Wayne, Indiana, Attorneys for Appellant.

Christopher C. Myers, Shane C. Mulholland, Myers & Geisleman, Fort Wayne, Indiana, Attorneys for Appellee.

**OPINION**

DARDEN, Judge

*STATEMENT OF THE CASE*

Group Dekko Services LLC ("Dekko") brings this interlocutory appeal of the trial

court's denial of its motion to dismiss the cause of action brought by Debra K. Miller.

We reverse.

### ISSUE

Whether Dekko's motion to dismiss for lack of subject matter jurisdiction should have been granted because exclusive jurisdiction of Miller's cause of action lies with the federal courts pursuant to the Employee Retirement Income Security Act (ERISA).

### FACTS

On April 22, 1997, Miller brought a cause of action alleging her "constructive discharge" from Dekko on April 25, 1995, in that she had been "forced to resign her employment" as "Benefits Administrator." (R. 8, 7). According to her complaint, she "protested the mishandling and mistreatment" of a Dekko employee's claims for ERISA benefits, claims which she "advised and instructed [Dekko] to pay;" she "knew" that Dekko's denial of these claims was "illegal and unlawful;" and she told Dekko she "would not participate in" the denial of the claims. (R. 8). Thereafter, Miller alleged, Dekko "mistreated" her in "retaliation" for her "refusing to perform an illegal act." *Id.* According to Miller, the illegal act was the denial of medical benefits to a certain Dekko employee.

Dekko moved to dismiss for lack of subject matter jurisdiction, arguing that Miller's claim for wrongful discharge for failure to participate in the denial of the employee's medical benefits was pre-empted by ERISA, which grants to federal courts exclusive jurisdiction over civil actions that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). The trial court denied the motion, finding Miller's claim "[did] not sufficiently relate to an ERISA benefit plan to invoke exclusive Federal jurisdiction of this case." (R. 34). Upon Dekko's request, the trial court then certified that order for interlocutory appeal

### DECISION

■ A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994). Subject matter jurisdiction concerns the power of a court to decide particular kinds of cases. *Pivarnik v. Northern Ind. Pub. Serv. Co.*, 636 N.E.2d 131, 137 (Ind.1994). In ruling upon a motion to dismiss for lack of subject matter jurisdiction, the trial court is required to determine whether it has the power to adjudicate the action. *MHC Surgical Center Assocs. v. OMPP*, 699 N.E.2d 306, 308 (Ind.Ct.App.1998). On appeal, we accept as true the facts as set forth in the complaint. *Id.* Because the appellate court may raise the question of subject matter jurisdiction sua sponte, we are in as good a position as the trial court to determine it. *Putnam County Hosp. v. Sells*, 619 N.E.2d 968, 970 (Ind.Ct.App.1993).

In *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the United States Supreme Court considered whether ERISA pre-empted a claim filed in state court by an employee alleging his wrongful discharge. The employee contended he had been terminated because of his employer's desire to avoid contributing to or paying benefits under the employee's pension fund. The Court reviewed the "closely integrated regulatory system" of ERISA: participation, funding, and vesting requirements for pension plans; rules concerning reporting, disclosure, and fiduciary responsibility therefor; its "broad pre-emption provision;" its provision proscribing "interference with rights protected by ERISA;" and its civil enforcement scheme. *Id.* at 482. Citing the "deliberately expansive" language of ERISA's clause pre-empting all state laws that "relate to" an ERISA plan, the Court declared that a law " 'relates to' " an ERISA plan "if it has a connection with or refer-

ence to such a plan." *Id.* at 482, 483, quoting 29 U.S.C. § 1144(a).

In *Ingersoll–Rand,* the Texas Supreme Court had recognized a wrongful discharge cause of action "when the plaintiff proves that the principal reason for his termination was the employer's desire to avoid contributing to or paying benefits under the employee's pension fund." *Id.* at 483. However, the U.S. Supreme Court held that because recovery required proving "that an ERISA plan exists and the employer had a pension-defeating motive in terminating the employment," the state law tort both "relate[d] to" and "ma[d]e specific reference to" an ERISA plan. *Id.* More succinctly, it summarized that "there simply is no cause of action if there is no plan." *Id.* at 484. Accordingly, the Court held the state cause of action was pre-empted.

■ According to Miller's complaint, she had refused to commit an illegal act for which she could be found personally liable. Thus, she brought her wrongful discharge claim under the exception to the employment at will doctrine recognized in *McClanahan v. Remington Freight Lines,* 517 N.E.2d 390, 393 (Ind.1988), to wit: "firing an employee for refusing to commit an illegal act for which [she] would be personally liable." However, the alleged "illegal act" is that which she contends that ERISA renders illegal. Further, the alleged "personal liability" is that which she contends is imposed by her status as a "fiduciary" under ERISA.

■ U.S. Supreme Court decisions regarding federal questions, such as ERISA pre-emption, are binding on state court, while the decisions of lower federal courts are available for their consideration as persuasive authority. *See Indiana Dep't of Public Welfare v. Payne,* 622 N.E.2d 461, 468 (Ind.1993). In *Anderson v. Electronic Data Systems Corp.,* 11 F.3d 1311, 1314 (5th Cir.1994), the plaintiff claimed he was discharged for "refusal to carry out violations of ERISA, and reporting such viola-

tions to management." The Fifth Circuit found "such a claim depends on the existence of a pension plan, and therefore relates to an ERISA plan" under the reasoning of *Ingersoll–Rand.* Similarly, in *Hashimoto v. Bank of Hawaii,* 999 F.2d 408, 410 (9th Cir.1993), the plaintiff alleged that she was terminated "in retaliation for complaints she made as to violations of ERISA." The Ninth Circuit found that "in order to determine whether her complaints were a motivating factor in her discharge, the court must find not only the existence of an ERISA plan but also must interpret ERISA to determine whether a violation of law existed or potentially existed" and held the claim pre-empted based upon the reasoning of *Ingersoll–Rand.* *Id.*

Miller essentially argues that *Ingersoll–Rand* does not require pre-emption in her case. She directs us to the trial court's finding that her suit "is not based on her being a beneficiary under the plan." (R. 33). The trial court also distinguished *Ingersoll–Rand* as having "involved ERISA benefits" while Miller's "claim does not relate to [her] benefits under ERISA." (R. 33). However, the *Ingersoll–Rand* plaintiff "was not seeking future lost [ERISA] benefits but [was] instead seeking lost future wages, recovery for mental anguish, and punitive damages as a result of the wrongful discharge." 111 S.Ct. at 479.

Miller also argues that as in *United of Omaha v. Hieber,* 698 N.E.2d 869 (Ind.Ct. App.1998), *trans. denied,* her claim only tangentially involves ERISA. In *Hieber,* the question was whether there existed material questions of fact concerning a party's reliance upon a summary of plan benefits prepared in accordance with ERISA requirements. Third-party-plaintiff Farm Bureau entered into a settlement agreement with United of Omaha in a tort action brought against its insured. In a subsequent challenge to United's subrogation claim, Farm Bureau asserted that the summary provided to it by United was

represented to constitute the entire policy and, therefore, United could not later seek subrogation based upon more specific policy terms. We noted that ERISA did not pre-empt a state law claim "so long as the claim does not impact the interests of employees and beneficiaries, and resolution of the claim does not interfere with the uniform federal scheme governing ERISA actions." *Id.* at 876. We found the claim in that case was one "of simple promissory estoppel and [did] not arise directly from ERISA or from [the summary]." *Id.* However, as noted above, Miller's claim for wrongful discharge arises directly from her alleged refusal to participate in an alleged illegal ERISA action for which she could allegedly be held personally liable under ERISA. Moreover, resolution of whether Dekko indeed committed an illegal ERISA act and whether Miller is indeed an ERISA fiduciary could interfere with the uniform federal scheme governing ERISA. Therefore, we cannot agree that Miller's claim "only 'tangentially' involves ERISA." Miller's Brief at 6.

Miller contends that we must apply a two-step analysis to determine whether ERISA pre-empts state tort law, citing *California Labor Stds. Enforcement v. Dillingham Const.*, 519 U.S. 316, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997), and *District of Columbia v. Greater Washington Bd. of Trade*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992). Each case involved a challenge to a statute, with the issue being whether ERISA pre-empted that statute. As the Supreme Court indicated in *Ingersoll–Rand*, in a state wrongful discharge tort claim, "we are not dealing ... with a generally applicable statute that makes no reference to, or indeed functions irrespective of, the existence of an ERISA plan." 111 S.Ct. at 483. Therefore, we believe that the reasoning of *Ingersoll–Rand* applies, and the nexus between the state law tort and ERISA such that "there simply is no cause of action if there is no [ERISA] plan" is determinative. *Id.* at 484.

Finally, Miller cites *Sperling v. Texas Health Enterprises, Inc.*, 791 F.Supp. 662 (S.D.Tex.1992), and *Jones v. Pep Boys Manny Moe & Jack of Cal.*, 980 F.Supp. 327 (C.D.Ca.1997), in support of her contention that her claim is not pre-empted by ERISA. In *Sperling*, the plaintiff claimed wrongful discharge for refusal to participate in a benefits plan that included a provision that the employee would forgo any common law rights against the employer. Such a requirement was forbidden by Texas statute. The federal court held that even though the plan was an ERISA plan, the claim was not pre-empted because the state law was "only incidentally related" to the employer's ERISA plan *and* no ERISA illegality was asserted. 791 F.Supp. at 664. Rather, the assertion was that "under Texas law, it is unlawful for an employer to require, as a condition of employment, that an employee relinquish her common-law rights against the employer." *Id.* at 665. Unlike in *Sperling*, Miller's claim is not incidentally but directly related to the ERISA plan, and she does assert an illegality under ERISA.

In *Pep Boys*, the plaintiff brought claims "under state common law theories of breach of contract, employment discrimination, wrongful termination, violation of [ERISA], negligent misrepresentation, intentional misrepresentation, intentional infliction of emotional distress, and negligence." 980 F.Supp. at 328. The court considered her allegation that she was "terminated 'in retaliation for her complaints about the company's inaccurate drop testing and that she had been singled out because of her race and because her retirement benefits were scheduled to vest and because she went to her own physician for additional testing.'" *Id.* The federal court noted that the mention of the loss of benefits as a consequence of termination did not give rise to ERISA pre-emption where the employer was motivated by other concerns. *Id.* The court found the plaintiff had "alleged that she was terminated for a number of reasons," but the "'heart and soul' of the complaint [was]

Plaintiff's outrage at being subject to a false positive drug test, as well as being discriminated against because of race," and, therefore, the action did not "properly arise under ERISA." *Id.* Unlike *Pep Boys*, Miller states only a single state law claim and a single basis for the employer's motivation: that she refused to participate in an illegal act for which she could be held personally liable under ERISA. Accordingly, we do not find *Pep Boys* to support the proposition that pre-emption is not required here.

As in *Ingersoll–Rand*, Miller's claim "makes specific reference to, and indeed is premised on, the existence of [an ERISA plan]." 111 S.Ct. at 483. To prevail on her *McClanahan* wrongful discharge claim, Miller must prove that there was an illegal ERISA action *and* that she could be held personally liable therefor as an ERISA fiduciary. "Because the court's inquiry must be directed to the plan" in order to make these determinations, her *McClanahan* cause of action "'relates to' an ERISA plan" and is pre-empted. *Id.* Therefore, the trial court erred when it denied Dekko's motion to dismiss for lack of subject matter jurisdiction.

We reverse and remand for entry of an order of dismissal.[1]

KIRSCH, J., and BROOK, J., concur.

---

1. We do not reach Dekko's second argument—that Miller's "claim for wrongful constructive discharge is not within the scope of any public policy exception to the employment-at-will doctrine." Dekko's Brief at 11. Although this argument was presented to the trial court in support of Dekko's motion to dismiss for lack of subject matter jurisdiction, Dekko did not file a motion to dismiss for failure to state a claim upon which relief could be granted. Moreover, it was the trial court's ruling that Miller's "cause of action did not sufficiently relate to an ERISA benefit plan to invoke exclusive federal jurisdiction of this case" which was certified for this interlocutory appeal. (R. 39).