LAKE COUNTY BOARD OF ELECTIONS AND REGISTRATION and Scott L. King, Appellants–Petitioners,

v.

Charathula "Dolly" MILLENDER, Nathaniel Coleman, Sr., Charles Moore, and Alpha Dixon, Appellees–Respondents.

No. 45A04–0003–CV–106.

Court of Appeals of Indiana.

April 25, 2000.

J. Justin Murphy, Murphy Law Firm, Hammond, Indiana, Attorney for Appellant Lake County Board of Elections.

James B. Meyer, Gary, Indiana, Attorney for Appellant Scott L. King.

Clorius L. Lay, Gary, Indiana, William J. Longer, Hobart, Indiana, Attorneys for Appellees.

## OPINION

BAKER, Judge

Appellants-petitioners Scott L. King, in his capacity as the Mayor of Gary (the Mayor), and the Lake County Board of Elections and Registration (the Election Board) bring this appeal of the trial court's order enjoining them from holding any election pursuant to IND.CODE § 20–3–21–3, as amended by P.L. 153–1997 (the Gary School Board Statute). The Gary School Board Statute, as amended, provides that six members of the seven-member school board of Gary shall be elected and that the seventh member shall be appointed by the mayor of the largest city contained in the school corporation, namely Gary.[1] Specifically, appellants argue that there is no harmonization problem between Ind.Code § 20–4–10.1–1 *et seq.* (the Plan Change Statutes) and the Gary School Board Statute. The Plan Change Statutes include I.C. § 20–4–10.1–5 which provides methods by which plans for selection of school board members may be altered,[2] and I.C.

---

1. The prior version of the Gary School Board Statute provided that all seven members be elected. The current version provides:

   (a) The *governing body of the school corporation consists of seven members.* Six members shall be elected as follows:
   (1) on a non-partisan basis
   (2) in a primary election held in the county
   (3) at-large by the registered voters of the entire school corporation.
   (b) the membership shall be comprised of...
   (1) *Six of the members shall be elected* from the school districts under section 4 of this chapter in which the members reside but who shall, upon election and in conducting the business of the governing body represent the interests of the entire school corporation.
   (2) *One of the members shall be appointed by the mayor of the largest city contained in the school corporation.* The member must have knowledge or experience and be familiar with issues related to school business, school finance, and school administration. The member must have resided within the school corporation boundaries the previous five years.

   I.C. § 20–3–21–3, as amended by P.L. 153–1997, SEC. 1 (emphasis added).

2. I.C. § 20–4–10.1–5 provides in relevant part that initiation of change in a plan may occur through "petition signed by more than twenty per cent (20%) or more of the voters of the school corporation," by "resolution adopted

§ 20–4–10.1–75, which applies to cities of more than 100,000 but less than 120,000 and defines the process necessary to increase the number of school board members and the conditions which must be met to change the method of selecting school board members from appointment by the city executive to popular election.[3] The Mayor and the Election Board contend that the Gary School Board Statute as enacted was not a "plan change" and thus does not have to be carried out in accordance with the Plan Change Statute.

### FACTS

On April 8, 1998, the trial court entered a preliminary injunction prohibiting the Election Board from permitting votes in the May 5, 1998 primary to be cast in the Gary School Board Elections for the 3rd, 5th, and 6th districts by anyone not a resident of those districts, or counting any absentee ballots cast prior to May 5, 1998 except those cast by residents of each district.

On February 2, 2000, without notice or hearing, the court issued an amended order, nunc pro tunc, modifying the preliminary injunction order of April 8, 1998. In added language, it enjoined the Election Board from:

> by the governing body of the school corporation," or "by ordinance adopted by a city legislative body under section 7.5 of this chapter."

**3.** I.C. § 20–4–10.1–7.5 provides in relevant part:

> (b) the city legislative body may adopt an ordinance to increase the membership of the governing body of a school corporation to seven members.
> (c) the ordinance must provide ...:
> (1) That the additional members of the governing body are to be appointed by the city executive.
> (2) That if the ·plan is subsequently changed to provide for the election of governing body members:
> (A) the membership of the governing body may not be less than 7; and
> (B) all members of the governing body are to be elected.

conducting any election for Gary school board which requires modifications to the elected school board provisions required by P.L. 156–1991[4] (pursuant to PL 153–1997[5] or otherwise) which are not initiated in compliance with I.C. 20–4–10.1–5[6] and which contain Provisions in conflict with I.C. 20–4–10.1–1 et seq., in the absence of legislative action or judicial decision establishing a clear legislative intent that I.C. 20–4–10.1 does not apply to the Gary School Board.

On February 10, 2000 the trial court vacated its February 2, 2000 nunc pro tunc amended order ·pursuant to a motion to vacate by the Mayor. The Mayor further requested that the court make a declaratory judgment stating that the Gary School Board Statute is valid and not in conflict with any other statute. He argued that the plaintiffs could not prevail at trial on the theory that the Gary ·School Board Statute was in conflict with the Plan Change Statute.

On March 7, 2000, the trial court issued an order on the Motion for Declaratory Judgment, finding *inter alia*, that the Plan Change Statutes were general laws, and that section 7.5 of the statutes provided that if school board members were to be elected, all should be. It further found

> (3) The initial terms of the members appointed under this section.
> (4) The effective date of the ordinance.
> (d) An ordinance adopted under this section:
> (1) supercedes any part of the plan that conflicts with the provisions of the ordinance;
> (2) must be filed with the state· superintendent of public instruction under section 16 of this chapter; and
> (3) may only be amended or repealed by the city legislative body.

**4.** P.L. 156–1991 is the original version of the Gary School Board Statute.

**5.** P.L. 153–1997 is the present version of the Gary School Board allowing the mayor to appoint one school board member.

**6.** One of the School Board Change Statutes, entitled "Initiation of plan change:"

that the original version of the Gary School Board Statute provided for the election of seven school board members pursuant to a referendum, which had been held and approved. In addition, the court found that P.L. 153–1997 made amendments to the Gary School Board Statute which resulted in it no longer being possible to harmonize that statute with the Plan Change Statutes. It found that it had authority under I.C. § 20–4–10.1–18 to enter an order directing a change in the manner of selecting the school board and that such was necessary to prevent substantial harm to the plaintiffs as voters and taxpayers of Gary Community School Corporation. Finally, the court issued the following order:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that:
>
> 1. I.C. 20–3–21–1–10 constitutes a plan within the meaning of I.C. 20–4–10.1–1 *et seq.*
>
> 2. Wherever the provisions of P.L. 153–1997 and I.C. 20–4–10.1 *et seq.* conflict, the latter controls.
>
> 3. The Lake County Board of Elections and Registration shall reopen filing for the Gary School Board Election to be held in May 2000, until noon on the 17th day of March, 2000.
>
> 4. The Lake County Board of Elections and Registration shall conduct no election for the Gary School Board which gives effect to any provisions of P.L. 153–1997 which conflict with I.C. 20–4–10.1–1 *et seq.* or any plan adopted pursuant thereto.

On March 14, 2000, the Election Board filed with the trial court a verified motion to stay the March 7 order, but the trial court denied the request on the same day. Also on the same day, the Board and the Mayor brought this appeal, a verified emergency petition to reconsider denial of stay, requesting a stay of the March 7 order and noting that they were not served with the March 7 order until March 13. The Election Board states that it cannot get absentee ballots ready on time under the order to reopen the filing period. The Mayor wishes to appoint the at-large member of the school board. Both the Election Board and the Mayor now appeal.

This court heard oral argument in this case on March 22, 2000, after which we issued an order unanimously determining that the trial court had erred in its grant of declaratory judgment and staying the trial court's order of March 7, 2000 and subsequent orders thereto. We ordered the school board election to proceed under P.L. 153–1997 and invited the appellees to present, within ten days, a brief or a synopsis of the arguments which they advanced to the trial court. We have received no additional substantive materials from the appellees, and we now issue our written opinion outlining the reasoning underpinning our decision.

## DISCUSSION AND DECISION

■ The Mayor and the Election Board contend that there is no conflict between the Gary School Board Statute, as amended in 1997, and the Plan Change Statute. Specifically, they maintain that the Gary School Board Statute as enacted was simply not a plan change and thus does not have to be carried out in accordance with the Plan Change Statute.

■ We note initially that, when two statutes address the same subject matter, they are *in pari materia* and we strive to harmonize them wherever possible. *State v. Wynne,* 699 N.E.2d 717, 718 (Ind.Ct. App.1998), *trans. denied.* There is a presumption that the legislature in enacting a particular piece of legislation is aware of existing statutes on the same subject. *Id.* at 718–19. Furthermore, when general and specific statutes conflict in their application to a particular subject matter, the specific statute will prevail over the general statute. *WorldCom Network Services, Inc. v. Thompson,* 698 N.E.2d 1233, 1239 (Ind.Ct.App.1998), *trans. denied.* Likewise, a more recent expression of the legis-

lature generally prevails over an older one. *Id.*

In this instance, the legislature deemed it necessary to address the particular needs of Gary in selecting a school board, adding Chapter 20–3–21 ("Election of School Board Members in Gary") in 1991. The Plan Change Statutes were already in existence before 1991.[7] Thus, we presume that the legislature was aware of the existing Plan Change Statutes. *See Wynne,* 699 N.E.2d at 718.

We conclude, furthermore, that to the extent that specific and general statutes are in conflict, the specific statute, in this case the Gary School Board Statute, should prevail. *WorldCom Network Services,* 698 N.E.2d at 1239. The Plan Change Statutes provide a method for city legislative bodies to initiate a change in their current method of electing school board members, while the Gary School Board Statute provides a method agreed upon by the state legislature, not the city. The subject matter addressed in both statutes is thus the same: the method of selecting school board members. It is the actors involved who are different. In both instances, however, there are democratic underpinnings to the method provided and to its enactment into law. Thus, P.L. 153–1997 of the Gary School Board Statute is a permissible revision of a former statute in the same way that, for example, a change in the penalty for a speeding ticket is permissible to the legislature. Revising the law is part of what a legislature is elected to do.

■ In addition, we must address the trial court's finding that the Gary School Board Statute is "special legislation," not favored by I.C. § 36–1–3.5–1 *et seq.* ("Transfer of Jurisdiction from General Assembly to Local Legislative Authorities"), and that I.C. § 36–1–3.5–1 *et seq.* favors general legislation over special legislation. The Indiana Constitution is not mentioned by the trial court, but is referred to in Chapter 36–1–3.5. Article 4, § 22 of the Indiana Constitution provides in relevant part: "The General Assembly shall not pass local or special laws: ... providing for opening and conducting elections of State, county, or township officers, and designating the places of voting." Furthermore, Article 4, § 23 provides: "In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

However, our supreme court has observed that "[t]he drafters ... expressed a preference for general laws, but they also recognized that special laws were sometimes necessary. Acknowledging this preference, however, provides little guidance for distinguishing between special and general legislation." *Indiana Gaming Comm'n v. Moseley,* 643 N.E.2d 296, 299 (Ind.1994). The supreme court has also begun all analyses of alleged "special legislation" by assuming its constitutionality. *Id.* It has exercised a high degree of deference to the legislation on Section 23 questions. *Id.*

In this case, we find that the Gary School Board Statute, as amended by P.L. 153–1997, is constitutional regardless of whether it is special legislation. We presume the constitutionality of the statute. *See Moseley,* 643 N.E.2d at 299. We follow our supreme court in finding that certain special acts are constitutionally permissible, in those instances when the subject matter of an act is not amenable to a general law of uniform operation throughout the State. *Id.* at 301. We defer to the legislature regarding the necessity of statutes specific not only to Gary but to other school corporations in Indiana.

For all of the above reasons, we determine that the trial court erred in its grant of declaratory judgment. We therefore

---

7. In particular, the sections cited by the trial court were enacted prior to 1991. I.C. § 20– 4–10.1–7.5 was enacted in 1988. I.C. § 20–4–10.1–5 was originally enacted in 1971.

reverse the trial court's March 7, 2000 order and subsequent orders thereto.

Judgment reversed.

FRIEDLANDER, J., and KIRSCH, J., concur.