John E. VRANICAR, and Colin Reeves, Appellants–Petitioners,

v.

BOARD OF COMMISSIONERS OF BROWN COUNTY, Appellee–Respondent.

No. 07A05–9911–CV–493.

Court of Appeals of Indiana.

June 20, 2000.

---

Karen A. Wyle, Bloomington, Indiana, Attorney for Appellant.

Kurt A. Young, Nashville, Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellants-petitioners John E. Vranicar and Colin Reeves (collectively, Petitioners) appeal the trial court's dismissal of their action seeking review of the decision of the Brown County Board of Commissioners (the Board) which refused to vacate a pub-

lic way. Specifically, Petitioners argue that the trial court had subject matter jurisdiction to review the Board's decision. Moreover, they contend that the Board's action was arbitrary, capricious, and unconstitutional.

## FACTS

Petitioners own approximately sixteen acres of land in Van Buren Township, Brown County, Indiana. Their land abuts County Road 79, also known as Kirks Ford Road.

County Road 79 originates at Elkinsville Road and passes through land owned by the Army Corps of Engineers for about a mile, then comes to a locked gate installed and maintained by the Forest Service, U.S. Department of Agriculture. The gate has been in place since January 1992, at which time the road beyond the gate was closed to public vehicular traffic. Past the gate, C.R. 79 continues as a gravel road for nearly one mile, crossing and then exiting Forest Service property and reaching Petitioners' properties. It ends at a house on their property. The right of way constituting C.R. 79 then continues into Hoosier National Forest. However, once past the Petitioners' property, the right of way deteriorates and is not passable by automobile. Since 1992, the only vehicles using the road between the gate and Petitioners' house have been those of the Forest Service, the Petitioners and their guests. Since 1993, Petitioners have maintained the road at their own expense. The road now prevents the Petitioners from building a barn at a particular location.

Approximately two and one-half miles southeast of Petitioners' property, in the Hoosier National Forest, atop a steep hill, there is a small cemetery called Sullivan Cemetery. It contains approximately eighteen graves, and the most recent burial there occurred in 1920. Access to the cemetery may be gained by hiking on one of several trails in the Hoosier National Forest, as vehicular traffic may not reach that property. None of the trails leading to the cemetery cross Petitioners' property. There may or may not be another cemetery in the area.

In May 1998, Petitioners petitioned the Brown County Board of Commissioners to vacate the one-mile portion of C.R. 79 running between the locked Forest Service gate and their property. The Forest Service supported the vacation of this part of the road but opposed vacating any of C.R. 79 outside the locked gate.

Prior to the first hearing regarding the petition, Petitioners inquired of the Brown County attorney as to what standards the Board would apply in considering the merits of their claim. The county attorney responded by providing Petitioners with a copy of an ordinance vacating a road elsewhere in the county in response to a separate petition, together with a five-page document of findings of fact for that case.

At Petitioners' hearing in May 1998, Vranicar testified that the road in question cut across his property; that the portion of road in question abutted only Petitioners' and the Forest Service's property; that Petitioners had been maintaining this stretch of road at their sole expense for several years; and that Petitioners could not now build a barn where they wished unless the road was vacated. The Lands Program Manager for the Forest Service spoke in support of the petition and confirmed that various trails shown on the geological survey provided access to the cemetery.

The Board asked if anyone in attendance wished to object to the petition and none did. The Board then indicated that it desired a "quid pro quo," namely that the petition be extended to the entire County Road 79, including an iron bridge connecting C.R. 79 to Elkinsville Road which would save the County the expense of maintaining the entire road and the bridge. Record at 92. Vranicar stated that several property owners adjacent to other portions of C.R. 79, including the Forest Service and the U.S. Army Corps

of Engineers, would likely object. Nonetheless, the Board tabled the matter so Petitioners might try to have the other property owners along C.R. 79 join in the petition.

At the next board meeting in June 1998, Vranicar informed the Board that several property owners had indeed objected to vacating the entire C.R. 79. He presented to the Board a letter from Mr. Hanson stating the objection of the Forest Service to such a plan but supporting Vranicar's original petition. When the Board inquired as to how the county might benefit, Vranicar stated that there would be a net gain to the public because there would be a gain to Petitioners and no inconvenience to the County or other persons. The Board again solicited objections to the petition, but there were none. The Board then stated that its policy was to deny road vacations absent some demonstrable benefit to the County and denied the petition.

On July 14, 1998, in the Brown County Circuit Court, Petitioners filed their Petition to Appeal the Denial of the Petition to Vacate a Part of a Public Way, seeking judicial review of the Board's decision pursuant to I.C. § 36–2–2–27. The petition also stated that the Board's action had been arbitrary and capricious and had deprived Petitioners of state and federal constitutional rights.

On September 28, 1998, the Board filed its Motion to Dismiss the Complaint, based on Ind. Trial Rule 12(B)(1) and (6). On March 19, 1999, Petitioners filed a motion for summary judgment and a supplemental brief in further reply to the motion to dismiss. A hearing was held on March 25, 1999 on the motions. On October 12, 1999, the Brown County Circuit Court granted the Board's motion to dismiss. The court did not rule on Petitioner's motion for summary judgment.

The trial court order stated that IND. CODE § 36–7–3–12(f) only grants jurisdiction for an appeal governing the vacation of a public way. It concluded that the Petitioners did not have a right to appeal

under I.C. § 36–2–2–27 because that statute could not be read to countermand I.C. § 36–7–3–12(f). It further concluded that I.C. § 36–7–3–12(f) did not allow for appeal of the Board's refusal to vacate the road. It therefore dismissed the case for lack of subject matter jurisdiction under T.R. 12(B)(1). However, it went further and ordered that the Petitioners' complaint be dismissed under T.R. 12(B)(6) for failure to state a claim upon which relief can be granted. Petitioners now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

We note initially our standard of review for the grant of a motion to dismiss for lack of subject matter jurisdiction. Subject matter jurisdiction is the power of a court to hear and decide a particular class of cases. *M.V. v. Charter Terre Haute Behavioral Health System, Inc.*, 712 N.E.2d 1064, 1066 (Ind.Ct.App.1999). When we review a trial court's ruling on such a motion, we may affirm the judgment on any theory supported by the evidence of record. *Id.* On appeal, we accept as true the facts as set forth in the complaint. *Group Dekko Services LLC v. Miller*, 717 N.E.2d 967, 968 (Ind.Ct.App. 1999).

### II. Statutory Subject Matter Jurisdiction

Petitioners argue that the trial court had statutory subject matter jurisdiction and therefore erred in dismissing for lack of jurisdiction. Specifically, Petitioners maintain that the general provision for judicial review, in I.C. § 36–2–2–27, is not in conflict with I.C. § 36–7–3–12.

We note that Petitioners have relied in bringing their action upon I.C. § 36–2–2–27, which provides in pertinent part:

(a) A party to a proceeding before the executive who is aggrieved by a decision of the executive may appeal that decision to the circuit court for the county.

I.C. § 36–7–3–12(f) provides a grant of jurisdiction for an appeal when a road vacation has been granted and an ordinance concerning the vacation has been adopted. In pertinent part, it provides:

(f) Within thirty (30) days after the adoption of a vacation ordinance, any aggrieved person may appeal the ordinance to the circuit court of the county. The court shall try the matter de novo and may award damages.

Interpreting these two statutes, the trial court concluded that the two could not be harmonized and that I.C. § 36–7–3–12(f) must prevail because it was more specific and more recent.

Appellants make a carefully reasoned argument that the statutes may be interpreted not to be in conflict. However, we cannot ignore the public policy reasons supporting the trial court's reading of the statutes, which gives priority to I.C. § 36–7–3–12(f) and provides a right of appeal only where a road vacation has been granted.

■ A property owner takes his property with full knowledge of the public ways that cross it. When he requests vacation of a road, he is asking that the status quo be changed for his advantage and that the public forego certain future possibilities. For these reasons, those who object should have a right to appeal the grant of a road vacation. However, a denial of a road vacation simply maintains the status quo to which the property owner implicitly agreed in buying the property. Therefore, we read I.C. § 36–7–3–12(f) to implicitly deny the right to appeal for a Board of County Commissioners' refusal to vacate a road. Furthermore, we affirm the trial court's conclusion that I.C. § 36–7–3–12(f) cannot be countermanded by I.C. § 36–2–2–27 because the former is the more specific and the more recent of the two statutes. *See Lake County Bd. of Elections and Registration v. Millender*, 727 N.E.2d 483, 486–87 (Ind.Ct.App.2000) (more recent statute prevails); *Houtchens v. Lane*, 246 Ind. 540, 206 N.E.2d 131, 134 (1965)

(specific statute prevails over general statute).

### III. Nonstatutory Subject Matter Jurisdiction

Petitioners next contend that the court has nonstatutory authority to review their case. Specifically, they argue that if the action of a governmental entity is arbitrary or capricious or if it abridges the constitutional due process rights of parties, the action is subject to judicial review.

■ We note that Indiana has recognized a constitutional right to judicial review of administrative actions. *State ex rel. State Bd. of Tax Com'rs v. Marion Superior Court*, 271 Ind. 374, 378, 392 N.E.2d 1161, 1165 (1979). Petitioners correctly point out that they are entitled to review of governmental action which was arbitrary, capricious, and/or violative of their constitutional rights. Such action presents a "judicial question" regardless of the nature of the Board's action. *Neswick v. Bd. of Com'rs of Newton County*, 426 N.E.2d 50, 53 (Ind.Ct.App.1981).

■ Courts have jurisdiction to review, for example, the passage of zoning ordinances, specifically to determine whether the action of a board of commissioners in passing such an ordinance was arbitrary or capricious. *Houser et al. v. Bd. of Com'rs of DeKalb*, 252 Ind. 312, 318, 247 N.E.2d 675, 677–78 (1969). Furthermore, a county board of commissioners' refusal to pass a zoning ordinance is also an administrative action subject to judicial scrutiny. *Mishler v. County of Elkhart*, 544 N.E.2d 149, 150–52 (Ind.1989).

■ In this case, Petitioners set forth facts which we must construe as true in reviewing the motion to dismiss. *See Group Dekko Services*, 717 N.E.2d at 968. Among these facts are the following:

1. The Board conducted two separate hearings and took evidence regarding the Petitioners' case. R. at 92–93.

2. The Board stated that it was willing to vacate the entire C.R. 79, indicating that this would constitute a savings to the county. R. at 93.

3. The Board expressed doubts at both meetings about the instant petition to vacate a portion of the road, and after the second meeting denied Petitioners' request, giving as a reason that its policy was to deny road vacations unless there was a benefit for the County in granting one. R. at 92–93.

4. When Petitioners asked the Board for a list of standards which the Board would apply in approving their petition, the county attorney responded by providing Petitioners with a copy of an ordinance granting a petition for road vacation, together with a five-page document containing findings of fact regarding that petition. R. at 103–108, 148–49.

We are obliged to conclude that these facts, taken as true, still do not demonstrate that Petitioners' due process rights were denied, or that the Board's refusal to grant the petition was arbitrary and capricious. Rather, the facts suggest that the Board entertained the petition, heard evidence at two separate meetings, and made a decision based on its estimation that there was no benefit to the County in granting the petition.[1] Petitioners do not argue that there was a failure of notice or that the Board exceeded statutory time limits in hearing the petition, or in any other way violated statutory requirements for a petition to vacate a public way. Some may feel that as Board members they would make a different decision, but it is not our role to name the criteria by which a county board makes its decisions. When the Board made findings of fact regarding the grant of a road vacation in another case, its findings were detailed because there was indeed such a grant. The findings of fact in that case addressed in particular the objections of one party to the road vacation. In this case, where the Board declines to grant the vacation, the need for findings of fact is not necessarily the same. Furthermore, the statute providing a means to request a road vacation does not require any such findings. I.C. § 36–7–3–12.

Petitioners argue that every road vacation limits future possibilities, and therefore the Board cannot reasonably protest that this proposed vacation limits future possibilities unless it has a policy of denying all vacations. Petitioners' argument, here as elsewhere, is well-argued. However, the facts of the case simply do not support a finding that the Board decision, however one may disagree with it, entailed a lack of due process or that its decision was arbitrary or capricious.

The cases cited by Petitioners in support of their claim entail more than a governmental entity refusing, in its discretion, to grant to petitioners a piece of public property. For example, in *Smith v. Shelbyville*, 462 N.E.2d 1052, 1057 (Ind.Ct.App. 1984), a city council had vacated an alleyway and remonstrators exercised a non-statutory right to appeal this change in the status quo, based upon their claim that one board member who voted for the vacation had a conflict of interest.

Furthermore, Petitioners cite *Blackwell v. Review Bd. of Indiana Dept. of Employment and Training Servs.*, 560 N.E.2d 674 (Ind.Ct.App.1990), in which an employee appealed the Review Board's denial of her unemployment benefits. Specifically, the employee disputed her employer's assertion that she had voluntarily left her employment when she left one shift early due to illness, after alerting her supervisor. In that case, the employee had a statutory right to unemployment benefits if she became unemployed due to a medically substantiated disability. *Id.* at 681. Because the court determined that Blackwell had

---

1. While Petitioners characterize as unjust the County's interest in "what's in it for the County," we are at a loss as to how a County Board of Commissioners might justify to the public giving up public holdings except for a benefit to the public of some sort.

indeed become unemployed for this reason, the case was remanded with instructions to reinstate Blackwell's unemployment benefits. *Id.* at 683.

Finally, Petitioners note that, in *Mishler v. County of Elkhart*, 544 N.E.2d 149, 153 (Ind.1989), our supreme court recognized that a refusal to grant rezoning by a County Board of Commissioners was subject to judicial review. The Board's refusal to rezone was interpreted by the reviewing court to be a taking, and thus a constitutional violation was involved. *Id.*

In this case, an individual preference for a barn site was thwarted, and property which might have been made Petitioners' remained instead that of the County. This has nothing in common with the taking of private property, which involved a constitutional right, and which was subject to judicial review in *Mishler*, 544 N.E.2d at 153. Moreover, Petitioners do not allege a conflict of interest among the Board members as in *Smith*, 462 N.E.2d at 1057. Rather, Petitioners appear to charge the Board with keeping public property public without sufficiently specific reasons. Petitioners have not shown harm by a governmental act or change in the status quo which deprived them of either a statutory right or a constitutional right.[2] The Board abided by the procedures outlined for a petition to vacate a public road. For these reasons, we cannot find that Petitioners have a right to nonstatutory judicial review.

Judgment affirmed.

RILEY, J., and KIRSCH, J., concur.

---

[2] Petitioners note that the Board does not cite cases to support this point. This may be for the reason that they, as we, have found no cases in which petitioners prevail upon a claim of due process violations where they are challenging a discretionary governmental decision.