Reginald J. WALKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A04–0206–CR–275.

Court of Appeals of Indiana.

March 17, 2003.

Mark A. Bates, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–42–5–1.

2. Ind.Code § 35–43–4–2.5.

## OPINION

MATTINGLY–MAY, Judge.

Reginald J. Walker appeals the trial court's denial of his motion to withdraw his guilty plea. Walker raises two issues for our review, which we consolidate and restate as whether the trial court abused its discretion in denying Walker's request to withdraw his guilty plea.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On January 3, 2001, Walker and Aaron Kelley entered a gas station in Hammond. Kelley pulled out a handgun and ordered the attendant to lie on the floor. While Kelley held the gun to the attendant's head, Walker took several cartons of cigarettes. After ordering the attendant to open the cash register, Kelley took the money. Walker and Kelley also took the attendant's watch, keys, and car.

The State charged Walker with robbery,[1] a Class B felony; auto theft,[2] a Class D felony; and with being an habitual offender.[3] On July 12, 2001, Walker agreed to plead guilty to the robbery on the conditions that he be sentenced to ten years on the robbery and one year on a petition to revoke his probation in another matter, and that the auto theft and habitual offender counts be dismissed.

The written plea agreement stated in pertinent part as follows:

3. That the defendant understands that he is entitled to have all of his rights which may be involved in this matter explained to him.

4. That the defendant understands that he has a right to plead "not guilty"

3. Ind.Code § 35–50–2–8.

to any offense charged against him, and that pursuant to a plea of "not guilty", the Constitution of the United States and the Constitution of the State of Indiana guarantee him the following rights:

A. The right to have a speedy and public trial by an impartial jury in the county in which each offense is alleged to have been committed;

B. The right to be heard by himself and counsel;

C. The right to demand the nature and cause of the accusation against him and to have a copy thereof;

D. The right to confront all witnesses against him at time of trial;

E. The right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in his favor at trial;

F. The right to the assistance of counsel at every stage of the proceedings including upon an appeal if need be;

G. The right not to testify without prejudice; and,

H. That in the event he should be found guilty of the charge now pending, he has the right to appeal that conviction on such charge to the Indiana Court of Appeals or the Indiana Supreme Court.

5. That the defendant understands that if he enters a plea of "guilty," he thereby waives his right to a trial by jury.

(App. at 30–31.)

At the guilty plea hearing, in response to questioning by the trial court judge Walker indicated that he had a twelfth grade education, that he had read the plea agreement, and that his attorney had gone over the plea agreement with him and explained it to him very carefully. The trial court judge then explained to Walker the charges against him and recited the stipulated factual basis of the plea. It was emphasized that during the robbery Kelley had a gun, but Walker did not. Walker indicated that the recitation was a true statement of what happened. The trial court judge further informed Walker of the rights he was giving up by pleading guilty:

JUDGE:

All right. Now as to this main charge against you here, you're entitled to a public and speedy trial by jury on this charge, the two charges here of auto theft and robbery. And if you were convicted, of course a jury trial, and Phase II on the habitual as well. You do give up that right to trial by jury when you plead guilty. Do you understand that, Mr. Walker?

WALKER:

Yes, sir, Your Honor.

JUDGE:

At trial, the [S]tate has to prove your guilt beyond a reasonable doubt before you could be convicted.

\* \* \*

In addition, you have a right to present evidence at trial. You don't have to, and the jury would be so instructed, but if you wish to subpoena witnesses, you could do that. If you wish to subpoena in documents or records or tangible things, you could do that, and use them at trial.

\* \* \*

At trial, if you're found guilty, you have a right of direct appeal to the Indiana Court of Appeals. If you plead guilty you give up that right as well. However, there's always a rem-

edy in the law, so there is right of post-conviction relief after a guilty plea in this court, and if you fail at that level, you have a right to appeal that. Do you understand that, Mr. Walker?

WALKER:

Yes, sir, Your Honor.

\* \* \*

JUDGE:

Mr. Walker, under the terms of this plea agreement, how do you plead to the charge in Count I of Robbery, a Class B felony?

WALKER:

Guilty, Your Honor.

(App. at 49–52.)

On February 21, 2002, prior to sentencing, Walker filed a motion to withdraw his guilty plea. On May 14, 2002, after a hearing, the trial court denied Walker's motion to withdraw his guilty plea. On May 15, 2002, Walker was sentenced pursuant to the plea agreement. This appeal ensued.

## STANDARD OF REVIEW

■ Indiana Code § 35–35–1–4(b) provides the standard to apply when a defendant pleads guilty and then moves to withdraw the guilty plea prior to sentencing. A court may grant the motion for "any fair and just reason." *Id.* However, the court is required to grant the motion to prevent "manifest injustice" and is required to deny the motion when the State would be "substantially prejudiced." *Id.* Trial court rulings on motions to withdraw guilty pleas are presumptively valid, and parties appealing an adverse decision must prove that a court has abused its discretion. *Davis v. State*, 770 N.E.2d 319, 326 (Ind. 2002).

## DISCUSSION AND DECISION

Walker argues the trial court abused its discretion in denying his request to withdraw his guilty plea because the trial court did not specifically inform him that, by pleading guilty, he was waiving his right to compulsory process. Ind.Code § 35–35–1–2 requires in part that:

(a) The court shall not accept a plea of guilty ... without first determining that the defendant:

\* \* \*

(2) has been informed that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself. . . .

■ Walker argues that it is a manifest injustice for the trial court not to have advised him that by pleading guilty he was giving up the right to have compulsory process for obtaining witnesses in his favor. Walker acknowledges, however, that in regards to the right of compulsory process, the trial court advised him as follows:

In addition, you have a right to present evidence at trial. You don't have to, and the jury would be so instructed, but if you wish to subpoena witnesses, you could do that. If you wish to subpoena in documents or records or tangible things, you could do that, and use them at trial.

(Br. of Appellant at 10.)

Walker contends that this advisement was not sufficient to inform him that he

was waiving the right of compulsory process. We cannot agree. Contrary to Walker's contention, the trial court's explanation that Walker had the right to subpoena witnesses is sufficient to convey to him the concept that he had the right to compel the presence of witnesses at trial. Moreover, the written plea agreement specifically stated Walker had the right to plead not guilty and that by pleading not guilty, Walker would have "[t]he right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in his favor at trial." (App. at 31.) Walker was adequately advised of the rights he was giving up by pleading guilty.

 Additionally, Walker argues that the trial court erred in refusing to allow him to withdraw his guilty plea because Walker's plea no longer had a factual basis.[4] Walker argues the factual basis of his plea no longer existed because Kelley pleaded guilty to robbery as a Class C felony,[5] a lesser offense not involving a deadly weapon.[6] The stipulated factual basis of Kelley's plea did not indicate that a gun was used in the robbery. Essentially Walker is arguing that because Kelley pleaded guilty to robbery as a Class C felony, a lesser offense not involving a deadly weapon, it is manifestly unjust not to allow him to withdraw his guilty plea to robbery as a Class B felony as his plea was based on Kelley having a gun.

 Although Walker acknowledges that the common law distinction between principal and accessory no longer exists, *see Sanquenetti v. State*, 727 N.E.2d 437, 439 (Ind.2000), Walker argues that the doctrine of mandated consistency should still apply in his case. Generally, the common law doctrine of mandated consistency required that when a principal and an accessory were tried separately, the accessory could not be convicted of a crime greater than that of which the principal was convicted.[7] *See id.* at 440. However, Ind.Code § 35–41–2–4, commonly known as the accomplice liability statute, super-

---

4. The State correctly points out that a defendant who has pleaded guilty may not generally challenge the factual basis of the plea on direct appeal, citing *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind.1996). However, the trial court's denial of a motion to withdraw a guilty plea may be challenged on direct appeal. *See Weatherford v. State*, 697 N.E.2d 32, 33–34 n. 4 (Ind.1998). As such, Walker's contentions as to why the trial court abused its discretion in denying his motion to withdraw his guilty plea are properly before this court on direct appeal.

5. Ind.Code § 35–42–5–1.

6. Subsequent to Walker pleading guilty to robbery as a Class B felony, but prior to Walker's sentencing, Kelley pleaded guilty to robbery as a Class C felony. Pursuant to Ind.Code § 35–42–5–1, robbery is a Class C felony. "However, the offense is a Class B felony if it is committed while armed with a deadly weapon...." Ind.Code § 35–42–5–1.

7. Contrary to Walker's apparent belief, even if the distinction between principals and accessories still existed, it appears that Walker would have been considered a principal and not an accessory. As stated in *Sanquenetti:*

Under the common law, two general classes of criminals, neither of which relate directly to the meaning of the term "accomplice," were used to determine the nature and measure of an individual's culpability. A principal was one who either actually perpetrated the crime or who aided or abetted and was actively or constructively present at the time of the crime. An accessory was one who procured, counseled, commanded or abetted the principal, and who was absent when the latter committed the crime, or who received, relieved, comforted, or assisted the perpetrator after the crime had been committed.

727 N.E.2d at 439 n. 3 (quoting *Johnson v. State*, 687 N.E.2d 345, 349 (Ind.1997)).

sedes the application of the common law doctrine of mandated consistency.[8] *See id.* at 441. The accomplice liability statute provides:

> A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:
>
> (1) Has not been prosecuted for the offense;
>
> (2) Has not been convicted of the offense; or
>
> (3) Has been acquitted of the offense.

Ind.Code § 35–41–2–4. Accordingly, Kelley's subsequent plea to a lesser offense than Walker's does not invalidate the stipulated factual basis of Walker's guilty plea. The trial court's refusal to allow Walker to withdraw his guilty plea does not result in a manifest injustice.

Affirmed.

BROOK, C.J., and FRIEDLANDER, J., concur.

---

**8.** Moreover, even if Walker could be considered an accessory under the law as it existed prior to the enactment of the accomplice liability statute, the doctrine of mandated consistency does not apply to Walker's case. *See Combs v. State,* 260 Ind. 294, 295 N.E.2d 366, 371 (1973) ("in the situation where a plea to a lesser offense is accepted by a court it cannot be presumed to be a finding of an acquittal of the greater because of the special nature of the plea bargain that often times underlies it.").